IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **ERICA COOK,** <br><br> **Defendant** | **CRIMINAL NO. JKB-16-0485** |

**GOVERNMENT'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE TRANSFER TO HOME CONFINEMENT**

The United States of America, by and through Robert K. Hur, United States Attorney for the District of Maryland, and Leo J. Wise, Assistant United States Attorney, submits the following Motion to Reconsider the Court's Order Granting the Defendant's Emergency Motion for Immediate Transfer to Home Confinement. ECF 1272. The Court should reconsider its earlier order granting the Defendant's Earlier Motion for Immediate Transfer to Home Confinement (ECF 1726) and deny the motion because the Court lacks jurisdiction to order the requested relief and the requested relief is statutorily reserved to the Bureau of Prisons.

**BACKGROUND**

On October 2, 2018, this Court sentenced the defendant to a period of 27 months' imprisonment after the defendant pleaded guilty to engaging in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). ECF 1228.

The defendant has been designated by BOP to serve the remainder of her sentence at a halfway house operated by Volunteers of America ("VOA"). According to the BOP, the defendant has a projected release date of July 12, 2020, and a home confinement eligibility date of April 22, 2020, which will be discussed in further detail below.

**DISCUSSION**

1. ***The Court should reconsider its earlier order because of a clear error of law.***

There is no provision in the Federal Rules of Criminal Procedure authorizing motions for reconsideration. As a result, courts, by analogy, apply the standards established in the Civil Rules. *See United States v. Srivastava*, 476 F. Supp. 2d 509, 511 (D. Md. 2007), *vacated and remanded on other grounds*, 540 F.3d 277 (4th Cir. 2008); *see also United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D.Va. 1997).

At the outset, the Government notes, as the court did in *Dickerson*, that Rule 59(e) allows "an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry." 971 F.Supp. at 1024. The Court's order was entered on March 20, 2020, five days ago.

As the Fourth Circuit has held, "[c]ourts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

The Court's order reflects a clear error of law because the Court lacks jurisdiction to order the relief the defendant requested; in fact, the relief the defendant seeks is vested by statute within the discretion of the Bureau of Prisons ("BOP"). That discretion is limited by statute and inmates can only be released to home confinement after they have served a specific portion of their sentence. In any event, it is undersigned counsel's understanding that the BOP will attempt to transfer the defendant to home confinement after she becomes eligible on April 22, 2020.

2. ***This Court lacks authority to change a final sentence to order home confinement***

The defendant does not cite any authority for the relief she seeks, namely, that this Court change her sentence or amend the judgment in her case. Nothing in federal law permits the Court

to alter a final sentence once it has been imposed. In fact, federal law bars such a move, particularly here where BOP is vested with full discretion to designate where inmates serve their sentence. For these reasons, the motion should be denied.

Federal law mandates that once a judgment is entered, it generally shall be "final" for "all purposes." 18 U.S.C. § 3582(b). Accordingly, the Fourth Circuit has recognized that the sentencing statute, 18 U.S.C. § 3582(b), "states that a district court **may not** modify a term of imprisonment once it has been imposed unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (emphasis added) (internal quotations marks and citations omitted). *See also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").

Federal law also vests the BOP with plenary power to designate where inmates serve their sentences. *See* 18 U.S.C. § 3621(b). BOP retains this discretion even when an inmate is designated to serve the remaining portion of their sentence in a halfway house or home confinement. *See* 18 U.S.C. § 3624(c).[1] The Supreme Court has recognized that prisoners lack any right to mandate where they serve their sentence. *See Meachum v. Fano*, 427 U.S. 215, 223 (1976).

Based on these statutory guideposts, this Court and others have rejected motions by defendants to amend their sentences and change their designations to home confinement. *See United States v. Adepoju*, 2014 U.S. Dist. LEXIS 148017 (D. Md. Oct. 16, 2014); *United States v.*

---

[1] As part of its on-going classification process, BOP continuously and automatically considers inmates for designation as a residential re-entry facility and/or home confinement while the sentence is being served. *See* BOP Program Statement 7320.01.

*Clark*, 8 F. Supp. 2d 560, 561-62 (W.D. Va. 1998) (concluding that the court did not have jurisdiction to modify the defendant's sentence from imprisonment to home confinement when the modification request was based upon the defendant's "extremely poor health").

Here, because there is no authority for this Court to grant the relief requested, the motion should be denied. The defendant was sentenced and judgment was entered. The defendant began serving the sentence under the direction of BOP. At that point, the defendant's sentence was final and could not be amended under 18 U.S.C. § 3582(c). No exception applies. Moreover, the BOP retains full discretion to designate where the defendant must serve the sentence. The BOP has designated the defendant to serve at the VOA. This Court lacks jurisdiction to re-designate the defendant to home confinement. *See Adepoju*, 2014 U.S. Dist. LEXIS 148017; *Clark*, 8 F. Supp. 2d at 561-62. Accordingly, the motion must be denied.

Undersigned counsel is aware that the government has previously deferred to the Court with respect to a number of similar motions filed in this District with respect to VOA defendants, and that in some instances the Court has granted the motions. *E.g. United States v. Valleria Rice*, RDB-17-0127, ECF No. 506. Since that time the BOP has advised the government that it has no statutory authority to release inmates to supervision early or to home confinement prior to reaching their home confinement eligibility date. The BOP's statutory authority to transfer a prisoner to home confinement is contained in 18 U.S.C. § 3624. Specifically, pursuant to 18 U.S.C. § 3624(c)(2), "[t]he [BOP's] authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." As such, at this time, BOP reports that it is unable to abide by such orders that require BOP to transfer an inmate to home confinement before they become eligible pursuant to that statutory formula. It is undersigned counsel's understanding that the government will be seeking corrective action in those cases where transfer to home confinement has been ordered.

3. ***The BOP intends to attempt to transfer the defendant to home confinement once she becomes statutorily eligible on April 22, 2020.***

Pursuant to 18 U.S.C. § 3624(c)(2), the BOP calculates that the defendant shall become eligible for transfer to home confinement on April 22, 2020.  It is the government's understanding, based on representations from the BOP, that the BOP will attempt to transfer her to home confinement after that date.  To qualify for home confinement, an inmate must meet several criteria.  BOP Program Statement 7320.01.  Assuming the criteria are met, a U.S. Probation Officer ("PO") or other official must then determine that the proposed home location is suitable.  *Id.*  This often requires a site visit by the PO to the proposed site and other steps to ensure that the proposed home location is suitable.  *Id.*

## CONCLUSION

For the foregoing reasons, the Court should reconsider its order granting the defendant's Emergency Motion for Immediate Transfer to Home Confinement and instead deny the motion.

Respectfully submitted,

Robert K. Hur
United States Attorney for the
District of Maryland

 /s/
_____

Leo J. Wise
Assistant United States Attorney