# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. DKC-16-0484 |
| DEMARIO KING, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. JKB-16-0485 |
| ERICA COOK, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. DKC-18-0350 |
| DOUGLINA BATTLE, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## **MEMORANDUM ORDER**

In response to the COVID-19 Pandemic and the Emergency Motions of the Defendants Cook, King, and Battle this Court[1] has previously entered Orders in these three cases directing that the Defendants Cook, King, and Battle be immediately released from

---

[1] In light of exigent circumstances created by the COVID-19 Pandemic and the attendant duties of Chief Judge James K. Bredar and Judge Deborah K. Chasanow, this Memorandum Order is issued by the undersigned Judge Richard D. Bennett on their behalf.

Volunteers of America and transferred to home confinement to serve the remainder of their respective sentences. (*United States v. King*, DKC-16-0484, ECF No. 1471-1; *United States v. Cook*, JKB-16-0485, ECF No. 1727; *United States v. Battle*, DKC-18-0350, ECF No. 89.) Presently pending are the Government's Motions to Reconsider those Orders. The Government acknowledged that it has previously deferred to this Court on these matters, but now takes the position that this Court lacks jurisdiction to grant and order the Defendants' immediate transfers to home confinement. (*See, e.g.*, *United States v. Cook*, JKB-16-0485, ECF No. 1730.) For the reasons set forth below, the Government's Motions are GRANTED and the previous orders transferring these Defendants to home confinement (*United States v. King*, DKC-16-0484, ECF No. 1471-1; *United States v. Cook*, JKB-16-0485, ECF No. 1727; *United States v. Battle*, DKC-18-0350, ECF No. 89) are VACATED.

Initially, the standards for Motions for Reconsideration set forth in the Federal Rules of Civil Procedure apply in this case, as there is no specific rule in the Federal Rules of Criminal Procedure. *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997). Pursuant to Rule 59(e), an aggrieved party may file a motion for reconsideration within ten days. Accordingly, the Government's Motions for Reconsideration have been timely filed in all three of these cases. As the Government has aptly noted, the United States Court of Appeals for the Fourth Circuit has clearly held that one basis for granting a motion for reconsideration is a "clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A clear error of law has been committed in this Court's earlier orders, despite the Government's initial acquiescence and deference to this Court. Specifically, this Court lacks jurisdiction under 18 U.S.C. § 3582(b) and Rule 35 of the Federal Rules of Criminal Procedure to grant the requested

relief. The Fourth Circuit has held that a District Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute. *United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir. 2010).

Pursuant to 18 U.S.C. § 3582(c), the Court may modify a Defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." Relief may only be granted under this Section, however, "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A). The Defendant may only move for a sentence modification if he or she has fully exhausted his or her administrative remedies within the Bureau of Prisons ("BOP"), or after the expiration of thirty days if the BOP has not acted. *Id.* The BOP retains full discretion as to the designation of a criminal defendant. The BOP has specifically advised government counsel in these three cases that it has no statutory authority to release inmates to home confinement prior to reaching their home confinement eligibility date. That eligibility date is set forth in 18 U.S.C. § 3624(c)(2), which authorizes the BOP to commit "a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Accordingly, it is within the purview of the Bureau of Prisons to grant the requested relief.

Counsel for the Defendants has noted this Court's authority under 28 U.S.C. § 2241 and 2255 to remedy unconstitutional conditions of an inmate's confinement pursuant to a writ of habeas corpus. However, the Fourth Circuit has generally held that a prisoner may only bring such a claim to challenge the "fact or duration" of a sentence and that "conditions-of-confinement claims are not cognizable in habeas proceedings." *Wilborn v. Mansukhani*, 795 F.

3

App'x 157, 163 (4th Cir. 2019); *see also Rodriguez v. Ratledge,* 715 F. App'x 261 (4th Cir. 2017);[2] *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). Furthermore, the All Writs Act, 28 U.S.C. § 1651, does not give this Court the power to summarily release prisoners from federal incarceration. *See, e.g.*, *Bania v. Federal Bureau of Prisons*, SRN/FLN-10-2212, 2011 WL 882096, at *3-5 (D. Minn. Feb. 24, 2011). In addition, the parameters of Rule 35 of the Federal Rules of Criminal Procedure constrain this Court as well. In conclusion, before this Court could consider habeas grounds for transfer to home confinement as to any of these three Defendants, there must be exhaustion of administrative process within the regulations of the United States Bureau of Prisons.

Accordingly, it is HEREBY ORDERED this 30th day of March 2020, that:

1. The Government's Motions to Reconsider this Court's Orders Granting Transfer to Home Confinement (*United States v. King*, DKC-16-0484, ECF No. 1474; *United States v. Cook*, JKB-16-0485, ECF No. 1730; *United States v. Battle*, DKC-18-0350, ECF No. 90) are GRANTED;

2. This Court's Previous Orders (*United States v. King*, DKC-16-0484, ECF No. 1471-1; *United States v. Cook*, JKB-16-0485, ECF No. 1727; *United States v. Battle*, DKC-18-0350, ECF No. 89) are VACATED; and

---

[2] While this Court is bound by Fourth Circuit jurisprudence, it should be noted that there is some case authority in other circuits that a prisoner may challenge the conditions of his confinement under 28 U.S.C. § 2241. *See Aamer v. Obama*, 742 F.3d 1023, 1036 (D.C. Cir. 2014); *United States v. DeLeon*, 444 F.3d 41, 59 (1st Cir. 2006); *Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008).

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel.

\_\_\_\_/s/_____

Richard D. Bennett
United States District Judge